**Mark GEGAJ, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

**No. 04–1135–AG NAC.**

United States Court of Appeals, Second Circuit.

Jan. 4, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as respondent in this case.

Charles Christophe, Christophe & Associates, P.C., New York, New York, for Petitioner.

Jonathan S. Gasser. Acting United States Attorney for the District of South Carolina, Jennifer Aldrich, Assistant United States Attorney, Columbia, South Carolina, for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. ROSEMARY S. POOLER, and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION** of this petition for review of the Board of Immigration Appeals, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED.**

Mark Gegaj, a citizen of Albania, petitions for review of a final order of the Board of Immigration Appeals (BIA) affirming an immigration judge's (IJ) decision, which denied Gegaj's application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005) (per curiam); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178–83 (2d Cir. 2004).

In this case, the IJ's adverse credibility determination was supported by substantial evidence. First, the three major events that formed the basis for the IJ's adverse credibility finding each bore a "legitimate nexus" to the relief that Gegaj was seeking. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). Gegaj's political activity, and the two alleged attacks on him and his father by political adversaries, were introduced to support his claim that he had a well-founded fear of future persecution, *see* 8 U.S.C. § 1101(a)(42), and that it was more likely than not that his life would be threatened if forced to return to Albania, *see* 8 C.F.R. § 208.16(b)(1).

In addition, the issues that the IJ had with Gegaj's details about those three events were specific and cogent, and not based on speculation or conjecture. *See Secaida–Rosales,* 331 F.3d at 307. Gegaj gave little detail about how he participated in the Democratic Party other than to help with elections and make "propaganda." He offered no description of how frequently and in what capacity he helped the party, other than to relay that he told people not to vote for the Communists in the October 2000 election.

Gegaj's testimony regarding his father's death was, as the IJ noted, vague on two important issues. Gegaj never was able to explain how he knew that his father had

been beaten with wooden sticks. Gegaj also never adequately explained how his father's friends came to know that his father had been murdered by Communists.

The IJ's reliance on problems with Gegaj's testimony about his October 2000 attack as a basis for its adverse credibility finding was, while not as strong as the other two bases, still adequate. The most substantial basis noted by the IJ was that Gegaj provided specific details about the attack only when asked leading questions on redirect. This attack, an alleged violent beating by political adversaries and the only specific instance Gegaj offered of violence that he directly suffered, was the linchpin of his claim for relief.

The other bases for the IJ's adverse credibility finding concerning the October 2000 event were (1) Gegaj's conflicting responses about whether he was injured as a result of the October 2000 attack, and (2) the conflicting reasons Gegaj gave for why he did not leave his house after the attack. Regarding the first basis, it is not clear from the transcript whether Gegaj made an inconsistent statement or if he was merely confused or misspoke. However, mindful of the IJ's unique position to evaluate not only the applicant's verbatim testimony, but appearance, demeanor, body language and other relevant facts not captured in the hearing transcript, *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–74 (2d Cir.2004), we cannot say that on the record before us a "reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(a)(4)(B).

The second weaker basis was the IJ's observation that Gegaj "testified at one point that he did not go out for ten days, although he appeared to imply at one point that was because of the seriousness of the injuries," but "later said it was because he was afraid and not because he was injured." Contrary to the IJ's finding, it does not appear that Gegaj ever disavowed one reason, either fear or injury, in favor of the other. Although this basis for the IJ's adverse credibility finding is questionable, remand is inappropriate in this case because this questionable basis is so outweighed by the others that Gegaj would have "no realistic possibility of a different result on remand." *See Cao He Lin v. United States Dep't of Justice*, 428 F.3d 391, 395 (2d Cir.2005).

The decision of the BIA is accordingly AFFIRMED and the petition for review is DENIED.

Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).